UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    v.

GUANGHUA JIN,

    Defendant.

Criminal Action No. 23-91-2 (CKK)

ORDER
(August 8, 2025)

Defendant Guanghua Jin moves *in limine* to admit statements made by the Government as statements of a party opponent under Fed. R. Evid. 801(d)(2). Mot. *In Limine* to Admit Gov't's Statements as the Statements of a Party Opponent ("Def.'s Mot."), ECF No. 110. Jin claims that these statements "are directly relevant to the government's factual allegations against Mr. Jin, and/or the government's investigation of those allegations." Def.'s Mot. at 5. But Jin does not offer any support for this claim. Instead, Jin provides that the relevance of these statements "will become apparent when [they] are introduced in the context of trial testimony, consistent with the procedure proposed by the government in its position on statements admissible under Fed. R. Evid. 801(d)(2)." *Id*. at 5–6. The procedure referenced by Jin refers to the Government's motion *in limine* to admit co-conspirator statements during trial "subject to connection." Gov't Mot. *In Limine* re Procedure for Admission of Co-Conspirator Statements ("Gov't's Mot."), ECF No. 101.

In its motion to admit co-conspirator statements subject to connection, the Government proposed a procedure in which the Court would permit the Government to admit statements of alleged co-conspirators at trial without first requiring the Government to prove the existence of a conspiracy for each co-conspirator at a separate pre-trial hearing. Gov't Mot. at 4–6. The merits

1

of the Government's proposed procedure are not relevant to Jin's present motion, and the Court does not purport to pass on them. What *is* relevant to Jin's present motion, however, is the fact that the Government's proposed procedure for admitting co-conspirator statements and the *relevance* of those statements are two entirely different issues. This is why the Government's motion regarding its proposed procedure explains the foundation of relevance for its proffered genres of co-conspirator statements. *See* Gov't's Mot. (explaining that anticipated co-conspirator statements would "relate[] to the procurement of products for North Korean entities, the payment of the same, and Defendant's position of control over the procurement business, throughout the time period of the conspiracy," "relate[] to inquiries by financial institutions investigating payments made in furtherance of the North Korean procurement," "show[] the creation of the [Winney] entities and the involvement of Defendant Jin and the co-conspirators in the same," and "relate[] to the tobacco leaf transactions and payments for the same").

Accordingly, Jin must provide some basis for the Court to find that the statements he seeks to admit as statements of a party opponent under Fed. R. Evid. 801(d)(2) are relevant. Jin's present motion does not provide such basis. It is not enough for Jin to say that statements are relevant because they "are directly relevant to the government's factual allegations against Mr. Jin, and/or the government's investigation of those allegations." Def.'s Mot. at 5. The foundation for relevance cannot be relevance itself. The Court shall therefore **ORDER** Defendant Guanghua Jin to provide further explanation and support as to the relevance of the statements he seeks to admit through his [110] Motion *In Limine* to Admit Gov't's Statements as the Statements of a Party Opponent by **no later than August 11, 2025**.

**Dated:** August 8, 2025

        /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge