UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 23-cr-91-02 (CKK) |
| | : | |
| JIN GUANGHUA | : | |
| | : | |
| Defendant. | : | |

## PROPOSED VOIR DIRE QUESTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, proposes the following voir dire questions. All proposals are joint proposals with the defendant, Mr. Jin, except where noted immediately beneath the proposed question.

**Defendant's Proposed Additional General Questions**

1. At this time, without having heard of any evidence, do any of you suspect that Mr. Jin is guilty of the charges against him?

**Government's Objection:** *Duplicative of Court's standard questions (numbers 1-4).*

2. The mere fact that a law enforcement agency conducts an investigation is not evidence of guilt. Would you have any difficulty applying this presumption?

**Government's Objection:** *Duplicative of Court's standard questions (numbers 1-4). Use of the term "presumption" is confusing.*

3. If, after reviewing the evidence in this case, you believe Mr. Jin *might* be guilty, but that you were not convinced beyond a reasonable doubt, would you have any difficulty deciding that Mr. Jin is not guilty?

**Government's Objection:** *Duplicative of Court's standard questions (numbers 1-4). Use of the phrase "might be guilty" is confusing.*

4. It is important that every juror hear all the testimony. If you don't hear something a witness says, will you all be comfortable raising your hand and asking the Judge to have the witness say it again?

**Government's Objection:** *Unnecessary and will result in delay.*

5. Every juror has the right to know the law. If, during deliberations, you or another juror does not remember something about the law, or if you're disagreeing about it, will you be okay with asking your foreperson to read it aloud again, or asking the Judge to read you the instructions on the law again?

**Government's Objection:** *The Court will address this in final jury instructions.*

**Defendant's Proposed Introduction:** I will now read you a short statement about this case. Before I do, please note that nothing I say is evidence. Moreover, the Indictment is not evidence. It simply contains the charges that the government is required to prove to the jury beyond a reasonable doubt. As the defendant, Mr. Jin is presumed innocent. I will summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury. With those important principles in mind, here is the summary:

**Government's Objection:** *This is duplicative of the Court's standard introduction regarding the indictment and burden of proof.*

**Statement of the Case:**

**Government's Version:** This is a criminal case entitled *United States v. Jin Guanghua*. The defendant is Jin Guanghua. The government has alleged that, from at least in or around February

2009 and continuing to in or around March 2019, Jin Guanghua, along with his co-conspirators, Sim Hyon-Sop, Qin Guoming, and Han Linlin conspired and agreed to assist North Korean entities to acquire raw tobacco and other products on the international market and to illegally access the U.S. financial system to pay for such products in U.S. dollars.  The defendant denies the government's allegations and has entered a plea of not guilty.

**Defendant's objection**: *The absence of the word "alleged" before "co-conspirators" is misleading because the individuals named are not co-conspirators unless and until the government proves beyond a reasonable doubt that Mr. Jin entered into a conspiracy with the named individuals.  In re Winship, 397 U.S. 358, 364 (1970) ("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").*

**Defendant's Version:** This is a criminal case entitled *United States v. Jin Guanghua*, 23-cr-91-02. The defendant is Jin Guanghua. The government has alleged that, from at least in or around February 2009 and continuing to in or around March 2019, Mr. Jin, along with his alleged co-conspirators, Sim Hyon-Sop, Qin Guoming, and Han Linlin conspired and agreed to assist North Korean entities to acquire raw tobacco and other products on the international market and to illegally access the U.S. financial system to pay for such products in U.S. dollars.  Mr. Jin denies the government's allegations and asserts that he is not guilty.

**Government's objection:** *The government objects to the addition of the word "alleged" before "co-conspirators" in the second sentence as redundant.*

6. Are you familiar with the facts of this case, or have you heard anything about this case?

7. **(Defendant's Proposed Question)** Have you followed news coverage of any other trials involving North Korea sanctions?

**Government's Objection:** *This question is confusing as it is unclear what "other trials" to which the defense is referring, and the issue is adequately addressed in subsequent questions.*

8. The government in this case is represented by AUSAs Karen Seifert and Steven Wasserman, and Special Assistant United States Attorney Christina Clark. Also with them at counsel table will be Elena Gresick (SA, FBI) and Mariela Andrade (paralegal, USAO). Do any of you know Ms. Seifert, Mr. Wasserman, Ms. Clark, Agent Gresick, or Ms. Andrade in any capacity?

9. (**Defendant's Proposed Question**) The United States Attorney's Office for the District of Columbia led by United States Attorney Jeannine Pirro. Do you know Ms. Pirro, or any of the Assistant United States Attorneys, or other employees of the United States Attorney's Office for the District of Columbia?

**Government's Objection:** *The government is unaware of past trials in which the United States Attorney has been introduced as a party. There is no legitimate basis for including this question.*

10. Defendant Jin Guanghua is represented by Eugene Gorokhov and Ziran Zhang. [Insert any other people at table.] Do any of you know Mr. Gorokhov or Mr. Zhang in any capacity?

11. Mr. Jin's full name is Jin Guanghua. He is a Chinese national who was residing in Australia. Do any of you know Mr. Jin in any capacity?

12. Mr. Jin was charged with three other individuals. Sim Hyon-Sop is North Korean and is based in Dubai, United Arab Emirates. Qin Guoming is a Chinese national and is a resident of China. Han Linlin is also a Chinese national and a resident of China. Do any of you know any of these individuals in any capacity?

13. Do you know anyone else in the courtroom today, including me, the courtroom clerk, the court reporter, anyone else that is working here, or any of the other potential jurors?

14. **(Defendant's Proposed Question)** Do you know any other member of the jury panel, for example from work, school, socially, prior jury service, or one's neighborhood?

**Government's Objection:** *Duplicative of question 13.*

15. **(Defendant's Proposed Question)** Do you know the judge or any courtroom employees?

**Government's Objection:** *Duplicative of question 13.*

16. The following people might be witnesses or the subject of testimony by witnesses. The attorneys will now read a list of names of witnesses whom you may hear from during the trial or people that you may hear about during the trial. Not all of these witnesses will necessarily testify, but they are being introduced to determine whether any of you know any of the prospective witnesses or participants in this case. [*Each side will introduce its witnesses by name and employment*.] Do any of you know any of the witnesses personally that have just been introduced to you or know any of the witnesses by reputation or otherwise in such a way as to affect your fair and impartial service as a juror in this case?

17. Mr. Jin does not speak English, or speaks limited English, and will use the assistance of a Federally Court Certified Interpreter. Will the fact that Mr. Jin does not speak English and need a translator affect your ability to be an impartial jury and decide this case based solely on the evidence presented?

18. Mr. Jin is a Chinese national. Do you have any strong feelings about Chinese nationals or China more generally that might affect your ability to be a fair and impartial juror in this case?

19. The government alleges that Mr. Jin's companies did business with North Korea or North Korean companies. Do you have any strong feelings about North Korean nationals or North Korea more generally that might affect your ability to be a fair and impartial juror in this case?

20. **(Defendant's Proposed Question**) Do you believe that people or companies who do

business with North Korea or North Korean companies must be guilty of a crime? Do you have any opinions or views of North Korea that would make it difficult to be fair and impartial in this case?

**Government's Objection:** *Duplicative of question 19.*

21. (**Defendant's Proposed Question**) [If not excluded] There may be evidence in this case relating to North Korea's use of the sales of tobacco or cigarettes to fund its military and Weapons of Mass Destruction programs. Do you have any opinions of views of these issues that would make it difficult or impossible to apply the presumption of innocence to Mr. Jin?

**Government's Objection:** *Duplicative of question 19.*

22. (**Defendant's Proposed Question**) Do you have any opinions or views of these issues that would make it difficult to be fair and impartial in this case?

**Government's Objection:** *Duplicative of question 19.*

23. During the course of the trial there will be certain documents that the parties introduce that may be translated from Chinese, Korean, or Spanish to English. There will also likely be witnesses who testify in a foreign language with the assistance of a Federally Court Certified Interpreter. Do you read, speak, and/or understand Chinese, Korean, or Spanish? If so, would you have difficulty accepting the English translation or interpretation of any such documents and testimony even if you thought the translation or interpretation was not correct and/or accurate?

24. In this case, law enforcement officers will be witnesses. Would any of you be inclined to give greater or lesser weight to a law enforcement officer's testimony than that of other witnesses, simply because of their status as a law enforcement officer?

25. Have you ever served on a Grand Jury before?

26. Have you ever testified as a witness in court?

27. Have you ever served as a juror in a criminal case in a federal court, a District of Columbia court or in a court located in some other state?

***B. The next questions relate to you, members of your immediate family, and close friends*:**

28. Is anyone in that group either presently or previously employed by any law-enforcement agency? Law enforcement agency includes any police department, in or outside the District, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney's Office, D.C. Attorney General's Office, correctional officers, prison guards, Department of Justice, U.S. Marshals Service, Sheriff's Departments, Internal Revenue Service, U.S. Secret Service, probation office, parole office, and Federal Bureau of Investigation. the Department of Homeland Security, the U.S. Secret Service, or any other federal or state investigative agency.

29. Is anyone in that group either presently or previously employed by the Office of Foreign Asset Control?

30. Is anyone in that group either presently or previously employed by the following financial institutions: Deutsche Bank, JP Morgan Chase Bank, Standard Chartered Bank, Citibank, Bank of New York Mellon, HSBC, and the Federal Reserve.

31. Is anyone in that group either presently or previously employed by the United Nations (UN)?

32. (**Defendant's Proposed Question**) Is anyone in that group either presently or previously employed by any organization or government entity that deals with international sanctions?

**Government's Objection:** *This question is vague and unnecessary.*

33. Is anyone in that group either presently or previously employed by the courts, D.C. Superior Court, or the U.S. District Court?

34. Have any or you, any members of your family, or any close friends, had an experience

with the police, or with any person associated with or employed by the United States Attorney's Office or the Court, which would make it difficult for you to be a fair or impartial juror in this case?

35. Is any member of that group either a lawyer or studied law in law school, or worked in a law office?

36. Is any member of that group employed or have been previously employed by a criminal defense lawyer, or have been involved in any way in. the defense of a criminal case? Has any member of that group ever been arrested, charged with a crime, or a crime more serious than a minor traffic infraction?

37. Has anyone in that group been a victim of, a witness to, or arrested or convicted of any crime which has so affected you that it could interfere with your ability to be fair and impartial in this case?

38. Has any member of that group lived in, worked in, or traveled to China, Argentina or North Korea? Similarly, has any member of that group studied or worked on foreign policy issues related to China, Argentina or North Korea?

***The next set of questions relate just to you*:**

39. Do you have any difficulty reading, speaking, or understanding English, or is there anything else that could impair your ability to sit as a juror and devote your full attention to this trial?

40. This case involves allegations regarding the sales of tobacco or tobacco-related products involving North Korea. Do you have such strong feelings, either positive or negative, about the facts that it would be difficult for you to be fair and impartial and to decide the facts based only on the evidence in this case?

Please note that I am <u>not</u> asking you if you have strong feelings about tobacco sales or North Korea that are good or bad. I'm asking you only whether you have such strong feelings that you could not be fair and impartial in deciding this case.

41. If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose. That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, googling this case, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

42. Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by the judge. The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow the Court's legal instructions, whatever they may be?

43. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

44. Have you had any unpleasant experiences with the police, a prosecutor, or other law enforcement, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial? Have you had any unpleasant experiences with a defense attorney or defense

investigator, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial?

45. We expect this trial may last two weeks, not including the time for the jury to deliberate. Do you have any pressing commitment that would make serving on this jury an extreme hardship?

46. Do you have a health or physical problem that would make it difficult to serve on this jury? Similarly, are you presently taking any medication, or experiencing any medical condition or other physical, mental or emotional condition, that might cause drowsiness, confusion, or discomfort, or that might in any way affect your ability to give your full attention to this case?

47. It is the Court's duty and authority to determine punishment. You will not be asked to consider or make any determination regarding punishment in this case, and, in fact, you may not consider any possible punishment in reaching your verdict. Would you be unable to follow this instruction?

48. Do any of you have any religious or moral beliefs, social, political or philosophical, or any other beliefs that would interfere with being a member of this jury and returning a fair and impartial verdict solely on the evidence?

49. Is there any reason you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively and impartially in this case?

Dated: August 14, 2025.

> Respectfully submitted on behalf of the parties,
>
> JEANINE FERRIS PIRRO
> UNITED STATES ATTORNEY
>
> By: /s/ *Christina A. Clark*
> Christina A. Clark

                                                    Special Assistant United States Attorney  
                                                    D.C. Bar 995326  
                                                    Karen P. W. Seifert  
                                                    N.Y. Bar No. 4742342  
                                                    Steven B. Wasserman  
                                                    D.C. Bar 453251  
                                                    Assistant United States Attorneys