**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| | } | **Criminal No. 23-CR-91-CKK** |
| **v.** | } | |
| | } | |
| **GUANGHUA JIN,** | } | |
| | } | |
| **Defendant.** | } | |
| | } | |
| | } | |

**NOTICE OF PARTY ADMISSIONS**

Pursuant to Rule 201 of the Federal Rules of Evidence, Mr. Jin may seek judicial notice of the following statements made by the United States in this case.[1]

**STATEMENTS FOR JUDICIAL NOTICE**

*Dawson Anglin*

- "The defendant suspects portions of Mr. Anglin's grand jury transcript reveal that he gave false testimony to the grand jury.  The defendant is correct."  ECF 326 at 1.

- "The MTD correctly claims that the government falsely attributed payments from two North Korean front companies—Carbuncle and Fully Max—to Winney."  ECF 316 at 7.

- "Anglin assumed Carbuncle and Fully Max were North Korean fronts used for Winney business because they were, like other fronts used for Winney, related to DHID and included in the CTJ production."  ECF 333 at 6.

---

[1]     Some of these requests may be unnecessary in the event that relevant witnesses admit to the facts on cross-examination.

- "In the lead up to trial, Anglin noticed that the grades ordered by "Carbuncle" and "Fully Max" were inconsistent with the grades Winney ordered."   ECF 333 at 6.  "Anglin realized this less than one week before his testimony began." ECF 333 at 7

- "In preparing the new summaries, Anglin intended to exclude Carbuncle and Fully Max from the proposed exhibits. As explained above, he removed them from all but one exhibit." ECF 333 at 7

- "Dawson Anglin spent most of his accounting career as a forensic accountant for the FBI, where he has specialized in North Korea cases. There may be no other accountant in the world with more experience in the investigation of North Korean money laundering, bank fraud, and sanctions evasion."  ECF 301 at 7.

*Undercover operation*

- "[T]he undercover operation is narrow, spanned two months from May-July 2019, post-dated the charged conspiracy, and is otherwise trivial compared to the investigation writ large." ECF 321 at 4.

*Winney*

- "Winney was a large and well-organized company. The monthly overtime report lists 34 distinct employees and tracks their hours and reason for overtime, as well as things like pension contributions, taxes, unemployment insurance, etc."  ECF 319 at 19, n. 17

*CTJ*

- "[CTJ's] production also included records related to CTJ's business with a company called Xin Xing, which also did business with North Korea."  ECF 316 at 7.

- "In 2021, an attorney for CTJ asked the DOJ to endorse a draft letter that misleadingly claimed 'CTJ has never transacted business with customers in the DPRK.'" ECF 316 at 6. "[T]he letter is an advocacy piece, written by CTJ's attorney and, while certainly misleading, may not be technically false." ECF 316 at 6.

Respectfully submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov, Esq.
D.C. Bar No. 979785
Burnham & Gorokhov, PLLC
1634 I Street NW, Suite 575
Washington, D.C. 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

The foregoing motion was filed is ECF.  Notice is automatically sent to opposing parties.

Respectfully submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov, Esq.
D.C. Bar No. 979785
Burnham & Gorokhov, PLLC
1634 I Street NW, Suite 575
Washington, D.C. 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com